IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISON

| | |
|---|---|
| **BOBBI HARDISKY,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**GATEWAY HEALTH, LLC,** formerly known as **GATEWAY HEALTH PLAN, LP**<br><br>*Defendants*. | **Case No.** 2:20-cv-1483<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION/FED. R. CIV. P. 23** |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1. Plaintiff Bobbi Hardisky ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from Gateway Health, LLC, formerly known as Gateway Health Plan, LP ("Defendant") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

**BACKGROUND**

2. Defendant is a subsidiary of Highmark Inc., which, together with its health insurance subsidiaries and affiliates, is among the ten largest health insurers in the United States and the fourth largest Blue Cross and Blue Shield-affiliated organization.

3. Defendant is the sole corporate member of Gateway Health Plan, Inc. ("GHPI"), a managed care organization that provides services to Medicaid and Medicare enrollees.

4. GHPI is a Pennsylvania state-licensed Health Maintenance Organization that holds an accreditation as a Medicaid HMO from the National Committee for Quality Assurance.

1

5. GHPI's business consists of entering into agreements with state (Medicaid) and federal (Medicare) agencies to operate government-sponsored health plans in exchange for a fixed monthly fee per health plan enrollee ("Managed Care Agreements").

6. GHPI has entered into a contract with the Commonwealth of Pennsylvania to administer managed care services on behalf of Pennsylvania Medicaid and entered into a contract with the federal government to administer Medicare benefits in the Commonwealth of Pennsylvania

7. GHPI delegates some or all of its responsibilities under the Managed Care Agreements to Defendant pursuant to an agreement between GHPI and Defendant.

8. Defendant provides managed care services, including utilization review services, to health plan members on behalf of GHPI.

9. Defendant employed Plaintiff and other individuals as "Case Managers" (referred to herein as "Case Managers") to perform case management services.

10. Defendant paid some or all of its Case Managers on a salary basis.

11. Some or all of Defendant's Case Managers regularly worked over 40 hours per week for Defendant.

12. Defendant classified some or all of its Case Managers as exempt from state and federal overtime laws and did not pay them overtime pay when they worked over 40 hours in individual workweeks.

13. Defendant misclassified Case Managers as exempt from state and federal overtime laws.

14. The case management duties performed by Plaintiff and other Case Managers consisted of collecting information to document insured individuals' medical circumstances (data collection); inputting that information into Defendant's computer system (data entry); using

2

established guidelines to maximize utilization of plan resources through the application of predetermined criteria (utilization management); arranging appointments and referrals for insured individuals (care coordination); educating insured individuals about their health plans and community resources (education) (collectively, "Case Management Work").

15. The Case Management Work performed by Plaintiff and other Case Managers was non-exempt work.

16. Plaintiff brings this action on behalf of herself and other similarly situated Case Managers who, due to Defendant's uniform misclassification policy, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in one or more individual workweeks in violation of the of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

17. Plaintiff also brings class action claims under Pennsylvania state law under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq*.

18. Plaintiff brings her state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her and other Case Managers for all earned overtime pay.

### THE PARTIES

19. Plaintiff worked for Defendant as a Case Manager from approximately June 2015 to September 2019.

20. Defendant's principal place of business is located in Pittsburgh, Pennsylvania, within this Judicial District.

### JURISDICTION AND VENUE

3

21. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. *See* U.S.C. § 216(b).

22. This Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as their FLSA claims.

23. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District, and substantial activities took place in Pittsburgh, Pennsylvania related to Plaintiff's claims.

24. Venue is also proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District.

**FACTUAL ALLEGATIONS**

25. Plaintiff worked as a Case Manager for Defendant.

26. During her employment with Defendant, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

27. During her employment with Defendant, Plaintiff's job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

28. During her employment with Defendant, Plaintiff's job duties did not involve providing traditional nursing care in a clinical setting or providing direct medical care to patients or other individuals with health issues.

29. During her employment with Defendant, Plaintiff's job duties did not include administering patients' medicine or treatments.

30. During her employment with Defendant, Plaintiff's job duties did not include operating or monitoring medical equipment.

31. During her employment with Defendant, Plaintiff's job duties did not include performing or helping to perform diagnostic tests.

32. During her employment with Defendant, Plaintiff's job duties did not include analyzing the results from diagnostic tests to diagnose medical conditions.

33. During her employment with Defendant, Plaintiff's job duties did not include diagnosing human responses to actual or potential health problems.

34. During her employment with Defendant, Plaintiff's job duties did not include interviewing patients to consider or advise them regarding alternative treatments.

35. During her employment with Defendant, Plaintiff's job duties did not include determining whether an issue should be referred for an independent medical evaluation.

36. During Plaintiff's employment with Defendant, Defendant required Plaintiff to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

37. During her employment with Defendant, Plaintiff's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines that she was required to follow in the performance of her job duties.

38. Defendant suffered and permitted Plaintiff to work over 40 hours in one or more individual workweeks during the last three (3) years.

39. During her employment with Defendant, Plaintiff worked over 40 hours in one or more individual workweeks during the last three (3) years.

40. Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA and the PMWA.

41. Defendant paid Plaintiff a salary.

42. When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one-and-one-half times her regular rate of pay.

## COVERAGE UNDER THE FLSA

43. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

44. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

45. Defendant has more than $500,000 in sales made or business done in each of the last three calendar years.

46. During her employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

47. During her employment, Defendant was Plaintiff's "employer" as defined under the FLSA in § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff brings her FLSA claims as a collective action.

49. Plaintiff's consent form to participate in this collective action as a party plaintiff is attached as Exhibit A.

50. The collective action is defined as follows:

**All individuals employed by Defendant as Case Managers in the last three years who were paid a salary and were classified as exempt from overtime ("Putative Collective Action Members").**

51. Plaintiff is similarly situated to the Putative Collective Action Members because they were paid in the same manner and performed the same primary job duties.

52. During their employment, Putative Collective Action Members were Defendant's "employees" as defined by the FLSA, 29 U.S.C. § 203(e).

53. During their employment, Defendant was Putative Collective Action Members' "employer" as defined by the FLSA, § 203(d).

54. Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

55. Of Defendant's employees classified as exempt and who performed the same primary duties as Plaintiff in the last three years, some or all worked over 40 hours in one or more individual workweeks.

56. The following are some of the questions of law and fact that are common to the Putative Collective Action Members:

   a. Whether Defendant employed Plaintiff and the Putative Collective Action Members within the meaning of the FLSA;

   b. Whether Defendant improperly classified Plaintiff and the Putative Collective Action Members as exempt from the overtime provisions of the FLSA;

   c. Whether Plaintiff and the Putative Collective Action Members worked more than 40 hours in one or more individual workweeks during the prior three years;

   d. Whether Defendant failed to pay Plaintiff and the Putative Collective Action Members overtime at one-and-one-half times their regular rates of pay when they worked more than 40 hours per week;

7

  e. Whether Defendant's decision to classify Plaintiff and the Putative Collective Action Members as exempt employees was made in good faith; and

  f. Whether Defendant willfully violated the FLSA by classifying Plaintiff and the Putative Collective Action Members as exempt employees.

57. Defendant maintained one or more common job descriptions for Case Managers.

58. Defendant has names and addresses for Putative Collective Action Members in its payroll or personnel records.

59. Defendant has email addresses for Putative Collective Action Members in its payroll or personnel records.

60. Defendant has phone numbers for Putative Collective Action Members in its payroll or personnel records.

61. Defendant is aware or should have been aware that the FLSA required it to pay Putative Collective Action Members overtime.

## CLASS ACTION ALLEGATIONS

62. Plaintiff also seeks class certification of the following state law class under Fed. R. Civ. P. 23:

**All individuals employed by Defendant in Pennsylvania as Case Managers in the past three years who were paid a salary and were classified as exempt from overtime (the "Pennsylvania Class").**

63. The Pennsylvania Class has more than 40 members.

64. As a result, the Pennsylvania Class is so numerous that joinder of all members is not practical.

65. There are questions of law or fact common to members of the Pennsylvania Class, including (1) whether the Pennsylvania Class members primarily performed non-exempt work; (2)

whether Defendant violated the PMW by refusing to pay the Pennsylvania Class members overtime pay; and (3) the proper measure of damages if Defendant misclassified the Pennsylvania Class members as exempt from the overtime provisions of the PMWA.

66. Plaintiff's overtime claims are typical of those of the Pennsylvania Class because they arise out of Defendant's uniform compensation practices.

67. Defendant's defenses to Plaintiff's PMWA claims are typical of its defenses to those of the Pennsylvania Class because they are grounded in the same compensation practices.

68. Plaintiff can fairly and adequately protect the interests of the Pennsylvania Class members because she is asserting the same claims as the Pennsylvania Class members.

69. Plaintiff can fairly and adequately protect the interests of the Pennsylvania Class members because Plaintiff has no interests adverse to the Pennsylvania Class.

70. Plaintiff can fairly and adequately protect the interests of the Pennsylvania Class members because Plaintiff has retained counsel experienced in class action employment litigation.

71. The common questions of law and fact predominate over the variations which may exist between members of the Pennsylvania Class, if any.

72. Plaintiff and the members of the Pennsylvania Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, statutory penalties, attorneys' fees and costs.

73. If individual actions were required to be brought by each member of the Pennsylvania Class injured or affected by Defendant's common compensation practices, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to Defendant.

74. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Pennsylvania Class is entitled.

75. The books and records of Defendant are material to the Pennsylvania Class members' claims because they disclose the hours worked by each member of the Pennsylvania Class and the rates at which Pennsylvania Class members were paid.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (COLLECTIVE ACTION)

76. Plaintiff incorporates here the previous allegations of this Complaint.

77. This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiff and the Putative Collective Action Members at one-and-one-half times their regular rates when they worked over 40 hours in individual workweeks.

78. Plaintiff and Putative Collective Action Members were not exempt from the overtime provisions of the FLSA.

79. During the prior three years, Defendant suffered and permitted Plaintiff and Putative Collective Action Members to work over 40 hours in one or more individual workweeks.

80. Defendant paid Plaintiff and Putative Collective Action Members a salary.

81. Defendant did not pay Plaintiff and Putative Collective Action Members one-and-one-half times their regular rates of pay for all time they worked over 40 hours in one or more individual workweeks.

82. Defendant violated the FLSA by failing to pay overtime to Plaintiff and Putative Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

83. Defendant's violations of the FLSA were willful.

## COUNT II
### VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT
### (CLASS ACTION)

84. Plaintiff incorporates here the previous allegations of this Complaint.

85. Defendant violated the PMWA by failing to pay overtime to Plaintiff and members of the Pennsylvania Class when they worked over 40 hours in individual workweeks.

86. Defendant classified Plaintiff and the members of the Pennsylvania Class as exempt from the overtime provisions of the PMWA.

87. Plaintiff and members of the Pennsylvania Class were not exempt from the overtime provisions of the PMWA.

88. Defendant suffered and permitted Plaintiff and members of the Pennsylvania Class to work over 40 hours in one or more individual workweeks.

89. Defendant violated the PMWA by failing to pay Plaintiff and the Pennsylvania Class members overtime at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

WHEREFORE, Plaintiff, on behalf of herself, the Putative Collective Action Members, and the Pennsylvania Class members, seeks a judgment against Defendant as follows:

A. An Order designating this lawsuit as a Collective Action under the FLSA and permitting the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

B. An Order certifying the Pennsylvania Class pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4);

C.  All unpaid overtime wages due to Plaintiff, the Collective Action Members, and the members of the Pennsylvania Class;

D.  Pre-judgment and post-judgment interest;

E.  Liquidated damages equal to the unpaid overtime compensation due;

F.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

G.  Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiff demands a trial by jury.

    Respectfully submitted,

*/s/ Joshua P. Geist*
Joshua P. Geist

Joshua P. Geist
Pa.I.D. #85745
Goodrich & Geist, P.C.
3634 California Avenue
Pittsburgh, PA 15212
412-766-1455
412-766-0300 (fax)

TRAVIS M. HEDGPETH*
Texas Bar No. 24074386
**THE HEDGPETH LAW FIRM, PC**
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

JACK SIEGEL*
Texas Bar No. 24070621
STACY W. THOMSEN*
California Bar No. 274282
**SIEGEL LAW GROUP PLLC**

12

4925 Greenville Avenue, Suite 600
Dallas, Texas 75206
P: (214) 790-4454
www.4overtimelawyer.com

*Pro Hac Vice Forthcoming*

**Attorneys for Plaintiff and Others Similarly Situated**