IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBI HARDISKY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GATEWAY HEALTH, LLC formerly GATEWAY HEALTH PLAN, LP,<br><br>    Defendant. | Civil Action No. 2:20-cv-01483-MPK<br><br>Re: ECF No. 42 |

### APPROVAL ORDER

Presently before the COURT is SETTLING PLAINTIFFS' unopposed motion for entry of the APPROVAL ORDER as an Order of Court, approving the AGREEMENT, and dismissing the CIVIL ACTION with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. For good cause shown, and as more fully explained below, the motion is GRANTED as follows:

    1.    All capitalized terms in this APPROVAL ORDER have the same meaning as in the AGREEMENT that was attached to the SETTLING PLAINTIFFS' unopposed motion for entry of the APPROVAL ORDER as an Order of Court. The terms of the AGREEMENT are incorporated by reference into this APPROVAL ORDER.

    2.    The COURT has jurisdiction over the claims asserted in the CIVIL ACTION and over the SETTLING PARTIES to the CIVIL ACTION.

    3.    By filing written consents to join this CIVIL ACTION, the SETTLING PLAINTIFFS: (1) authorized NAMED PLAINTIFF Bobbi Hardisky and PLAINTIFFS' COUNSEL to act as their agents and to negotiate a settlement of any and all claims they may have against DEFENDANT, subject to a review for fairness by the COURT; and (2) consented and

agreed to be bound by any judgment of the COURT or any settlement of this CIVIL ACTION that the COURT reviews and determines to be fair and reasonable.

4. The COURT has carefully reviewed the AGREEMENT and concludes that the AGREEMENT is adequate, fair, and reasonable, that it is in the best interests of the SETTLING PARTIES, and that it should be and hereby is approved. Likewise, the determination of the allocation of the MAXIMUM GROSS SETTLEMENT AMOUNT is approved as fair, equitable, and reasonable. Accordingly, the AGREEMENT is hereby approved in accordance with the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., and it shall be administered in accordance with its terms.

5. The COURT grants PLAINTIFFS' COUNSEL's request for an ATTORNEYS' FEES AND EXPENSES PAYMENT of $21,674.40 (fees) and $2,846.62 (costs), to be paid out of the MAXIMUM GROSS SETTLEMENT AMOUNT.

6. The COURT grants the NAMED PLAINTIFF's request for an INCENTIVE AWARD of $4,000.00, to be paid out of the MAXIMUM GROSS SETTLEMENT AMOUNT to the NAMED PLAINTIFF.

7. The SETTLING PLAINTIFFS irrevocably and unconditionally forever and fully release DEFENDANT and all RELEASED PARTIES from any and all RELEASED CLAIMS. SETTLING PLAINTIFFS are enjoined from prosecuting any RELEASED CLAIMS against DEFENDANT or RELEASED PARTIES.

8. This APPROVAL ORDER and the AGREEMENT are binding on SETTLING PLAINTIFFS and DEFENDANT.

9. The CIVIL ACTION is DISMISSED in its entirety, on the merits, and WITH PREJUDICE, without costs to any party, except to the extent otherwise expressly provided in the AGREEMENT.

10. The COURT retains jurisdiction with respect to the interpretation, implementation and enforcement of the terms of the AGREEMENT and all orders and judgments entered in connection with the AGREEMENT.

**IT IS SO ORDERED.**

DATE: November 16, 2021

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE